UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 09-66-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL McCOY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Michael McCoy's motion to suppress certain evidence seized during a warrantless search of a container occurring May 8, 2009. [Record No. 16] This motion was referred to United States Magistrate Judge J. Gregory Wehrman to conduct an evidentiary hearing and to issue a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This hearing was conducted on October 1, 2009. [Record No. 29] The following day, the Magistrate Judge issued his report, recommending that the Defendant's motion be denied. [Record No. 24]

After reviewing the Report and Recommendation, together with the transcript of the October 1st hearing, and having considered the Defendant's objections to the Report and Recommendation and the government's response, the Court will deny the motion to suppress. In summary, the Court concludes that the weight of the evidence (*i.e.*, a preponderance of evidence) supports the Magistrate Judge's conclusions that Covington Police Officer Patrick Noll had probable cause to conduct a warrantless search of a Pringles® can located in Defendant

McCoy's vehicle[1] after the officer observed Defendant McCoy place marijuana in the can during a traffic stop.

**Analysis**

During the suppression hearing, the United States offered testimony from Covington Police Officers Patrick Noll and Greg Andrews concerning the traffic stop of Defendant McCoy's vehicle occurring at approximately 3:00 a.m. on May 8, 2009. According to both officers, McCoy's vehicle was observed traveling in an opposite direction and without its headlights illuminated. While Officer Noll testified that he does not recall whether Defendant McCoy turned on his lights before the stop occurred, Officer Andrews stated that the Defendant did not turn his lights on.

The officers testified that they turned and followed McCoy's vehicle and conducted a traffic stop when it was safe to do so. Officer Andrews then approached the driver's side of the vehicle and obtained McCoy's license and insurance information. At the same time, Officer Noll observed McCoy from the passenger side of the vehicle with his flashlight illuminating the Defendant's hands. According to Noll, while Andrews was at his cruiser checking the information provided by the Defendant, Officer Noll observed McCoy place marijuana in a Pringles® can in the front seat area. According to Noll, he was able to recognize the substance as marijuana as a result of his law enforcement experience.[2] Noll then instructed Andrews to

---

[1] Defendant McCoy testified that the subject vehicle was owned by his cousin. However, the parties do not dispute that McCoy was driving the vehicle and that he owned the can containing illegal drugs on the night in question.

[2] Officer Noll testified that he has seized marijuana over 100 times during his career. [Record No. 29, p. 6]

remove McCoy from the vehicle while Noll searched the contents of the can. According to Noll, "[o]nce I got the Pringles can out, I removed the bottom of the can, and inside of there, we found several baggies of powder cocaine, several baggies of crack cocaine, and also several cellophane baggies containing approximately 40 pills." [*Id.* at p. 7]

Defendant McCoy testified during the suppression hearing and disputed many of the details of the traffic stop and search offered by the government witnesses. The Defendant's girlfriend, Sheria Aikins, offered supporting testimony.[3] According to McCoy, he did not place marijuana in the Pringles® can and any testimony to the contrary is false. McCoy also testified that, before being stopped by the officers, he had turned his headlights on. Thus, he contends that the police had no proper reason to stop him. He also contends that the manner in which Officer Noll scattered potato chips in his vehicle is circumstantial evidence that he did not observe marijuana being placed in the secret compartment of the Pringles® can because the officer was unable to unscrew the bottom of the container. Instead, McCoy contends that the officer dumped the contents of the can in the vehicle, observed the space taken-up by the secret compartment when viewed from the top of the opened can, and then forced the bottom of the can open, revealing the contents.

In crediting the testimony of Officers Noll and Andrews in areas where their testimony conflicted with the testimony of Defendant McCoy and Ms. Aikins, the Magistrate Judge noted that both officers testified "consistently and credibly that their attention was drawn to the

---

[3] Although Ms. Aikins was not present at the time of the traffic stop, she testified that she was talking with McCoy on a cell phone and was able to overhear many relevant comments during the Defendant's encounter with Officers Noll and Andrews.

Cadillac when it passed them going in the opposite direction on Madison Street with its lights out." Conversely, "the defendant's testimony that he chose to pull out directly in front of a marked police car seems far less likely under the circumstances." [Record No. 24, pp. 7-8] The Magistrate Judge further noted that the testimony of Ms. Aikins was equivocal on the timing of when the Defendant turned onto the street and turned his lights on. In addition, the Magistrate Judge cited Aikins' "strong motive to support her boyfriend's version of the facts" and the fact that she did not "physically observe precisely when the defendant turned on his lights." Based on the testimony submitted, the record supports the Magistrate Judge's conclusion that, although the Defendant may have turned his lights on within seconds of the police pulling him over, the police did not observe McCoy illuminating his headlights and were justified in making the traffic stop.

The undersigned also agrees with the Magistrate Judge's decision to credit the testimony of Officer Noll with regard to his observations of the Defendant removing a baggie of marijuana and placing it in the Pringles® can. While the officer's version of his actions is consistent and supported by common sense, the Defendant's testimony is not. All witnesses testified that Officer Noll's attention was drawn to the subject container. And at no point did the officers attempt to search other areas of the vehicle. The assertion that Officer Noll did not unscrew the bottom of the can in the same manner as the Defendant had done does not mean that he did not observe McCoy place marijuana in the can. Further, "[g]iven that the defendant had been released from his prior sentence on drug charges just 7 months before, the defendant had a strong motivation to conceal any marijuana that Sgt. Noll might otherwise observe in his pocket."

[Record No. 24, p. 10] Based on all the evidence submitted, Magistrate Judge Wehrman concluded that,

> considering the demeanor[4] of the testifying witnesses and all of the circumstances, I find credible testimony that Sgt. Noll observed the defendant placing marijuana into the Pringles can while his partner was running a computer license check. Based upon these circumstances, I conclude that the officers had probable cause to order the defendant out of his vehicle and search the can.

[Record No. 24, p. 10] The undersigned agrees with this conclusion.

Officer Noll's observations of McCoy place marijuana in Pringles® can in his vehicle constitutes probable cause to detain McCoy and search the can. *United States v. Ross*, 456 U.S. 798 (1982); *United States v. Graham*, 275 F.3f 490 (6th Cir. 2001), *cert denied*, 535 U.S. 1026 (2002). The Supreme Court's recent decision in *Arizona v. Gant*, 129 S.Ct. 1710 (2009), does not alter this result. Unlike the facts presented in *Gant*, the officer's personal observations in the present case constitute probable cause for the search. The search was not simply conducted as an incident to McCoy's arrest under the dictates of *New York v. Belton*, 453 U.S. 454 (1981).

---

[4] During the recent pretrial conference, counsel for Defendant McCoy asked whether, in light of the *de novo* standard of reviewed applied to consideration of the Magistrate Judge's Report and Recommendation, it would be necessary to present further testimony so that the undersigned could judge the credibility of the witnesses. This issue has not been pursued in the Defendant's objections to the Magistrate Judge's Report and Recommendation. Notwithstanding abandonment of this issue by McCoy, the Court notes that, under some circumstances, further hearing may be required. In reviewing a Magistrate Judge's recommendation under 28 U.S.C. § 636(b)(1)(B), the phrase "*de novo* determination" is not intended to require the district judge to conduct a new hearing on contested issues. However, if the district court finds there may be a problem as to the credibility of a witness or witnesses or for other good reasons, *it may, in the exercise of discretion*, call and hear the testimony of a witness or witnesses in an adversary proceeding. *See United States v. Raddatz*, 447 U.S. 667, 675-77 (1980). The Court does not find that this case presents a circumstance in which further consideration of these witnesses demeanor would be necessary or appropriate.

As noted by the Magistrate Judge, "*Gant* cited with approval the separate justification for a warrantless search of a vehicle under the parameters set forth in *Ross*." [Record No. 24, p. 11]

**Conclusion**

Covington police officers conducted a proper traffic stop of a vehicle being driven by Defendant McCoy during the early morning hours of May 8, 2009. During the course of the stop, Officer Noll observed McCoy place marijuana in a Pringles® potato chip can with a false bottom compartment. Based upon this observation, Officer Noll had probable cause to conduct a warrantless search of the subject can. Accordingly, it is hereby

**ORDERED** as follows:

1. The Defendant's motion to suppress [Record No. 16] is **DENIED**.

2. Having conducted a *de novo* review of the record and the issues raised by the Defendant through his objections [Record No. 32], the Report and Recommendation of United States Magistrate Judge J. Gregory Wehrman [Record No. 24] is **ADOPTED** in full and **INCORPORATED** herein by reference.

3. The Defendant's objections [Record No. 32] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

This 15th day of October, 2009.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge