UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  ) | |
| Plaintiff/Respondent,  ) | Criminal Action No. 2: 09-66-DCR |
|   ) | and |
| V.  ) | Civil Action No. 2: 13-7288-DCR-EBA |
|   ) | |
| MICHAEL K. MCCOY,  ) | |
|   ) | **MEMORANDUM OPINION** |
| Defendant/Movant.  ) | **AND ORDER** |
|   ) | |

Defendant Michael McCoy is a convicted drug dealer.  In October 2003, he was convicted in the Court of Common Pleas for Hamilton County, Ohio for possession of cocaine and trafficking in cocaine. [Record No. 14]  McCoy was subsequently indicted in August 2009 by a federal grand jury and charged with knowingly and intentionally possessing with intent to distribute quantities of crack cocaine (Count 1), cocaine (Count 2), and methamphetamine (Count 3), all in violation of 21 U.S.C. § 841(a)(1). [Record No. 3]  The federal charges were based on conduct occurring on May 8, 2009.

McCoy proceeded to trial after unsuccessfully attempting to suppress evidence seized by law enforcement officers at the time of his arrest.  However, on October 21, 2009, a jury found him guilty on all three counts.  And with regard to Count 1, the jury found that McCoy possessed with the intent to distribute 5 grams or more of crack cocaine. [Record No. 41]  On January 26, 2010, McCoy was sentenced to a total term of incarceration of 132 months, followed by a term

of supervised release of ten years. [Record No. 52] McCoy filed an appeal with the United States Court of Appeals for the Sixth Circuit. On appeal, the defendant challenged the denial of his motion to suppress and this Court's decision to impose an above-guideline sentence.[1] Both arguments were rejected by the appellate court. The Sixth Circuit affirmed this Court's Judgment on October 24, 2011. [Record No. 67]

The matter is currently pending for consideration of McCoy's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 79] McCoy has raised one issue in this habeas proceeding; that is, does the Fair Sentencing Act of 2010 ("FSA") apply retroactively to defendants sentenced prior to the effective date of the FSA? Recently, a panel of the United States Court of Appeals for the Sixth Circuit answered this question in the affirmative. That led to McCoy filing a motion for relief under 18 U.S.C. § 3582(c)(2). [Record No. 74] McCoy's earlier motion was ultimately denied on June 25, 2013 [Record No. 78], which caused the defendant to file the current habeas motion.

McCoy's prior, unsuccessful motion filed pursuant to 18 U.S.C. § 3582(c)(2) as well as his present motion filed pursuant to 28 U.S.C. § 2255 are based on a recently-issued opinion of the United States Court of Appeals for the Sixth Circuit holding that the Fair Sentencing Act of 2010 ("FSA") can be applied retroactively to defendants sentenced prior to the effective date of the FSA. *United States v. Blewett*, ___ F.3d ___, Nos. 12-5226, 12-5582, 2013 U.S. App. LEXIS 9889 (6th Cir. May 17, 2013). However, on July 11, 2013, a majority of the active

---

[1] McCoy's guideline range for imprisonment under the United States Sentencing Guidelines was determined to be 92 to 115 months. However, because the offense carried a mandatory minimum term of incarceration, 120 months because the guideline range.

judges of the Sixth Circuit voted for rehearing of the case en banc. *United States v. Blewett*, Nos. 12-5226, 12-5582 (6th Cir. July 11, 2013) (order granting rehearing en banc). As outlined in the court's order entered that date, pursuant to Sixth Circuit Rule 35(a), "The effect of the granting of a hearing en banc shall be to vacate the previous opinion and judgment of this court, to stay the mandate and to restore the case on the docket sheet as a pending appeal." *Id*. Therefore, the panel opinion which forms the basis for McCoy's argument has been set aside and has no precedential effect.[2]

As this Court has noted previously, under existing law, McCoy is not entitled to the relief sought through his habeas motion. *See United States v. Hammond*, 712 F.3d 333, 335-36 (6th Cir. 2013) (confirming that the FSA is not retroactive to defendants whose sentences were imposed prior to its enactment); and *United States v. Williams*, No. 12-3878, 2013 U.S. App. LEXIS 11757, at *5 (6th Cir. June 10, 2013) (revision of mandatory minimum sentences under the FSA does not apply to defendants sentenced before its effective date). Accordingly, it is hereby

**ORDERED** as follows:

---

[2]    A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When a district court's denial is based on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  And when the district court's denial is based on a procedural ruling, the petitioner must demonstrate that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurist of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*  McCoy cannot meet this burden.  In light of the the clear language of Sixth Circuit Rule 35(a), reasonable jurist would not find the denial of McCoy's motion procedurally incorrect.  Likewise, in light of the current state of the law in this circuit, reasonable jurists would not find it debatable whether the defendant's motion states a valid claim of the denial of a constitutional right.

1. Defendant/Movant Michael McCoy's First Motion Pursuant To 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence [Record No. 79] is **DENIED**.

2. The habeas action is hereby **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Order previously entered on June 28, 2013, directing Defendant McCoy to submit a corrected petition by August 5, 2013, is **SET ASIDE**.

4. The Court declines to issue a Certificate of Appealability regarding the issue raised by Defendant McCoy's motion.

This 24th day of July, 2013.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge